**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eleuterio GRACIA–GRACIA,
Defendant–Appellant.**

**Nos. 02–41756, 02–41790, 02–41791.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2004.

Mitchel Neurock, Laredo, TX, James Lee Turner, Assistant US Attorney, US Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee.

Reynaldo Santos Cantu, Jr., Roland E Dahlin, II, Federal, Public Defender, H Michael Sokolow, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM.[*]

Eleuterio Gracia–Gracia appeals his illegal reentry conviction and the revocation of the probationary term imposed pursuant to his misdemeanor conviction for unlawful entry. He argues that the imposition of a sentence of imprisonment upon the revocation of his probationary term was plain error because he was not advised of the dangers of self-representation when he waived his right to counsel and pleaded guilty to unlawful entry.

Assuming *arguendo* that a direct appeal is the proper avenue for Gracia–Gracia's challenge, and that the factual questions in regard to waiver of counsel are susceptible of review, the record evidence shows that he validly waived his Sixth Amendment right to counsel. With the aid of an interpreter, the magistrate judge informed Gracia–Gracia three times of his right to appointment of counsel and explained the maximum possible sentence for his misdemeanor charge. Gracia–Gracia also signed a written waiver drafted in his native Spanish, in which he acknowledged but waived his right to appointment of counsel. Although Gracia–Gracia was arraigned in a group, had only a sixth-grade education, and could not speak English, he has never complained that he did not understand the right to counsel or the consequence of its waiver. Moreover, Gracia–Gracia was able to appreciate the value of that right during his prior adjudication on the charge of alien transportation. We therefore hold that Gracia–Gracia validly waived his Sixth Amendment right. *See Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

Gracia–Gracia concedes that the issue whether 8 U.S.C. § 1326(b)(1) & (2) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it only to preserve its further review. We must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.